UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CAMILLE ROSE<br>    Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| LVNV FUNDING, LLC & RESURGENT<br>CAPITAL SERVICES L.P.<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Camille Rose, an individual consumer, against Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.     JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) 28 U.S.C. 1331. Venue in this District is proper in that the Defendants transact business in

Mascotte, Florida, and the conduct complained of occurred in Mascotte, Florida.

### III.   PARTIES

3. Plaintiff Camille Rose (hereinafter "Plaintiff") is a natural person residing in Mascotte, Florida. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Defendant LVNV Funding, LLC is a debt collection firm that engages in the business of debt collection and its principal purpose is the collection of defaulted debts, and uses various instruments of Interstate commerce to accomplish debt collection including sending letters, making telephone calls, credit reporting, filing of lawsuits, etc.

5. Defendant Resurgent Capital Services, L.P. is a debt collection firm that engages in the business of debt collection and its principal purpose is the collection of defaulted debts, and it uses various instruments of Interstate commerce to accomplish debt collection including sending letters, making telephone calls, credit reporting, filing of lawsuits, etc.

6. LVNV Funding, LLC and Resurgent Capital Services, L.P. operate as the same company and act as agents for each other, and therefore will be referred to collectively as "Defendants" in this Complaint.

7. At all times material hereto, Resurgent Capital Services, L.P. acted in the line and scope of its agency relationship with LVNV Funding, LLC in all actions taken regarding Plaintiff.

8. Any reference to any Defendant or Defendants refers to all Defendants.

## IV. FACTS OF THE COMPLAINT

9. Defendants are considered "debt collectors" as defined by the FDCPA, 15 U.S.C. 1692a(6).

10. Plaintiff is alleged to owe a "debt" as defined by the FDCPA, 15 U.S.C. 1692a(5) and the alleged debt at issue arose from a transaction entered into primarily for personal use.

11. On or about February 10, 2024, Plaintiff reviewed her credit report on Experian.com.

12. On the credit report, Plaintiff observed a trade line from Defendants.

13. Defendants furnished a trade line of $629.00, allegedly owed to Credit One Bank N.A.

14. On or about February 29, 2024, Plaintiff made a dispute via telephone.

15. On or about April 11, 2024, Plaintiff reviewed her credit report again and Defendants' information was not marked disputed. Defendants have had subsequent communication with the consumer reporting agencies and failed to communicate Plaintiff's dispute.

16. Defendants' violation of the FDCPA is material because Defendants' failure to update Plaintiff's credit report would make an unsophisticated consumer believe that they did not have the rights Congress granted to them under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact. *Evans v. Portfolio Recovery Associates., 2018 U.S. App. LEXIS 11372 (7th Cir. 2018)*: *See also Sayles, supra, 865 F.3d at 250* (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

17. Defendants' violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her

debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score. *Evans, supra*, at *20.

18. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of fraud/defamation that, if a debt collector elects to communicate credit information about a consumer , it must not omit a material piece of information, namely that the debt is disputed.

### V. FIRST CLAIM FOR RELIEF
### (Defendants)
### 15 U.S.C. 1692e(8)

19. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. Defendants violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew or should have known the debt was disputed by the consumer. *See* 15 U.S.C. 1692e(8) ("...the following conduct is a violation of this section...including the failure to communicate that a disputed debt is disputed..."); Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 (7th Cir. 2018); see also Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Brady vs. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8)

requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status. This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009 WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566 (S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); see also Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg. 2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011) (holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute).

21. As a result of the violation, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

### VI. **JURY DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendants for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k(a)(1)

C. Statutory damages pursuant to 15 U.S.C. 1692k(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**The Law Office of Cortney E. Walters, PLLC**
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
/s/ Cortney Walters, Esq
CORTNEY WALTERS, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
(954) 874-8022
Lead Attorney